Mr. Seneca, this is Judge Fischer speaking. On the bench with me is Judge Beeser and Judge England. And if we have any questions, we will address them to you. You will begin, and you have ten minutes allotted to you. So please feel free to go, and I will warn you when you're down to about two minutes. And if we have questions, of course, that will occur during the time as well. So please proceed. Okay, thank you, Your Honor. I believe the ultimate issues in this case are whether the Blockberger test applies and whether the correct charge is the solicitation or the attempt. The State raises it on page 17 of their opening brief. They talk about that the only way that a solicitation can occur is if I was to solicit a third party to engage in a sexual conduct with a minor. And the reason why I believe that there's been a problem with the lower courts is the fact that Blockberger, the court ruled that in order to apply the test, you had to first determine whether the one act violated two statutes. And the lower courts have never taken that opportunity. They've always simply stated solicitation is different than attempt, so therefore the question is answered. And I don't believe that. And I believe that the court has the opportunity to find, whether it be in the double jeopardy question or insufficiency of the evidence, the fact is that many, many cases, even in Arizona, have said this crime is a solicitation. And I recently came into another case that I'd like to inform this court about. I received it on Monday of this week, and it's called State v. Varela. And it's 873 Pacific Reporter, Second Edition, 257. It's an Arizona Court of Appeals, Division I case from 1993, in which an individual solicited a minor to allow him to touch them and offered two different minors $50. And the court there affirmed the conviction for a solicitation. That, as well as the other cases I've submitted to this court in my motion for broader certification and in the supplemental authorities, it clearly demonstrates that the crime, even in Arizona, is a solicitation. And I believe the analogy is that the state of Arizona prosecutes individuals for soliciting prostitution. And the solicitor is going to engage in the act that they solicited, while Arizona relies on a case called State v. Fristo that simply says that if you solicit someone, you cannot, in fact, engage in that conduct. I think the Fristo case, as I understand it, Mr. Seneca, is focused on the fact that the person being solicited is not being solicited to participate in the crime, but is rather the target of the crime. And that's different from an attempt. Isn't that correct? I believe that, yes. I believe that the Fristo holding, saying that it's an attempt, is not correct. I believe it was a solicitation and that they made an error in that case because of the fact that the person is going to engage in that conduct with the minor. The state believes that the minor had something to do with it, and that was an Arizona Court of Appeals case. But the Arizona Supreme Court ruled in State v. Yesa that the solicitation is complete upon the request, and you cannot determine, well, could the minor consent, because that was never an element of the offense. And just like, as I stated, in State v. Varela, the individual propositioned two nine-year-old girls, and he offered them each $50 to engage and allow him to touch them, where he would be participating with them directly. And the court affirmed the conviction for solicitation. And in the uncolored's opinion in State v. Moore, the court again affirmed the conviction for solicitation, where the individual offered money to engage in a sexual act, where they would directly participate. The problem with Arizona's ruling is that they see that you can never solicit a crime in which you yourself will participate. And as this court held in United States v. Mreza Corrales, when they examined the Arizona statute for solicitation, this court found that you could solicit any crime. And it specifically found that the act is complete upon the solicitation. And another case where this court, in Welters v. Moss, they found that this court affirmed or actually approved a ruling in Sullivan v. State, an Alaska case, where they found that it was mere preparation to offer the minor money to engage in a sexual act. And in doing so, this court effectively overturned Fristoe, because Sullivan specifically cited the State v. Fristoe and found that it was illogical, because it didn't even apply its own statutes in formulating its decision in that case. So I believe that this court effectively overturned Fristoe by agreeing with the Alaska Supreme Court in Sullivan. And the state's whole argument is that whether it's in the double jeopardy, they argue and the state court affirmed it based on that principle. And the fact is that they could never have charged me with both soliciting and an attempt in both cases. They could only charge one. You may want to spend a little time on your ineffective assistance of counsel claims. Do you want to address any of those? I believe that the claims, they really speak for themselves. I believe that my attorney at trial, the record clearly shows at the very outset that he told the trial judge that they allowed in the prior bad act, which even the trial judge and the state agreed before it was allowed in that they were dissimilar. And my appellate counsel didn't argue that, but my trial counsel, he just pretty much said that if they allowed that in, there was nothing he could do. And he gave up. And he sat back and did minimal cross-examination. He allowed the state free reign to pretty much do whatever they wanted. And he never objected to two issues, or a couple of issues actually. But one time the witness, Deborah Dyson, she gets up on the stand to testify about one incident in which she claimed I had a bad dream. And there was no explanation of what that dream was. Yet this prosecutor in his closing arguments told the jury that that means that I had, I admitted guilt. I knew that I had committed a crime in this case. And that was sufficient enough. It was like they were desperate to do this. And my attorney would never, a competent attorney would never put a witness, allow a witness to get up on the stand that's going to testify about nothing but a prejudicial statement if he could have sought to exclude her to begin with. And he did not do that. And the state argues that, well, he wanted to discredit her. But there would be no need to discredit her if he had simply objected in the first place. And the second thing is that he's the same attorney that represented me on the first trial. And he did not seek to exclude the fact that I was acquitted of a crime involving another minor where the minor got up on the stand and said the crime didn't happen and that the minor simply said that he had agreed with his father that the crime happened to escape being in trouble for setting fires. And yet the witnesses in this case get up on the stand and allude that I committed another crime. And then the witness states on the stand that simply, well, tells my attorney, oh, the prosecutor said not to talk about that. So it impresses upon the jury's mind that, hey, maybe he committed another crime that they're not telling us about. And I believe that had a prejudicial impact on the jury determination in this case. Okay. Anything else you'd like to add? We have considered your motion to expand the certificate of availability and appealability, I'm sorry, and have denied your request in that regard. So the issues would be those that you've talked about already, the double jeopardy issue and the ineffective assistance. Would you like to save your remaining time to rebut anything the state has? Yeah, I would like to say one more thing. I did file a motion to file an amended motion for broader certification about a week ago. Okay. Well, that's also denied as out of time. Okay. You've made a good presentation on the issues that you've presented. Okay. Thank you, sir. Okay. And we'll give you a few seconds, your remaining time in any event, another minute to rebut anything the state has to say. All right. Okay. Please record again. Hi, my name is Assistant Attorney General Robert Walsh. I'm, again, appearing on behalf of the state of Arizona. I also think it might be a good time to tell you that I think we might have a different respondent. Dora Scherrero is now the head of the Arizona Department of Corrections. All right. If you'll give that information to the clerk who will answer that. Sure, sure. Petitioner's argument regarding double jeopardy is, I think, gravely misplaced. Blockburger is the correct test. The court of appeals cited to it. Basically what you have is the state charging a crime that it could not prove, solicitation, because they erroneously believe when they charged Mr. Seneca with a crime that it would lie, it would be proper. Before there was a case that was submitted to the jury, the defense counsel moved to have a directed verdict on that count, because there was no evidence that a third party was involved. And so that case never reached the jury, and what happened was the state went back and it charged him with attempt to commit sexual conduct with a minor. When you take a look at it, the Arizona court of appeals has said that there are not lesser included, I should say that solicitation is not a lesser included of attempt. And this court owes deference to the state court's construction of state statutes. Which cases are you relying on? Mr. Seneca has mentioned Fristoe in the Arizona Supreme Court case. How do you respond to that? Well, State v. Fristoe is the case that the court of appeals relied upon. And I, to be honest with you, do not know of any State v. Roa case. And the State v. Moore case that he's talking about is unpublished, so it has no precedental value. But when you take a look at it, I mean, assuming that the Arizona court's misapplied State law, I still don't think that this court can disturb the State court's construction of its own statutes. In fact, there is a remedy for Mr. Seneca if, let's say, the law does change in the future regarding this issue. He can then follow Rule 32, and he would not be barred by it, by some sort of procedural default, because it would be a change of law. He could try to see if that particular case is retroactive. But as it stands right now, Fristoe is good law. And so this court's bound by it. And the Blockberger test is a test to apply in situations where the defense argues, as it did below in the court of appeals, that attempt, well, actually solicitation, is a lesser inclusive attempt, and the Blockberger test applied. His argument would be persuasive if Brady v. Corbin was still the law, but it's not. So I don't believe that Sanabria or Ball apply because they deal with completely different situations. Sanabria deals with a single violation of a statute that actually had two predicate acts. And what happened was, I think it was a gambling enterprise, one was a horse racing, and the other one was a numbers betting. This particular federal statute would allow prosecution for certain types of offenses that violated State law. And one of those two was not a violation of Massachusetts law. So that case is distinguishable. And Ball is distinguishable because that was a case where you had three defendants who were charged with murder. One was acquitted. The other two were convicted, and they successfully appealed on the ground that the indictment was defective. The court of appeals basically agreed with them and reversed the convictions. And then the State went back and charged all three defendants, including the acquitted one, with first-degree murder again. But it basically said Jeopardy! did not attach this to the third defendant because it was a defective indictment. This is not that case. That, by the way, is distinguishable because this is not a case where he's being recharged for solicitation after a directive verdict. He's being charged with a completely different offense. I want to talk about a comment that Mr. Seneca made. He's claimed repeatedly that the charge of attempt is not the proper offense. That's for the prosecution to decide. There's a United States Supreme Court precedent like Waite and Bordenkircher v. Hayes that's directly on point. And it's the State that decides and not the defendant. When it comes down to Walters v. Mass and Sullivan, it didn't overturn Fristoe. Walters v. Mass is a habeas petition from another case and doesn't have any effect on that. With respect to whether or not defense counsel was ineffective, Mr. Seneca comments on the fact that his attorney said, look, if you allow this prior act evidence in, even though it's dissimilar, my client basically is sunk. The truth of the matter is that he was just predicting what the result was going to be. His objection would not have been successful because in Arizona, you do not have to have, I guess you would say, exact similarity between the prior offense and the charged sexual offense at hand. There are cases such as State v. Lopez, State v. Rojas, State v. Weatherby that I cited in my brief, and State v. Grange and State v. McDaniel. McDaniel is very close to what we have here because you have in the prior act the defendant touching over the clothing, the genitals of a boy, and then you have him performing a more explicit sexual act. And so when you take a look at the Arizona case law and State v. Roscoe, which is a case that is cited in Lopez, it's an Arizona Supreme Court case, defense counsel couldn't do anything about it. That evidence was clearly admissible. So there was nothing he could have done, and he has no obligation to raise an objection that would be meritless. With respect to Deborah Dyson, who I believe was his probation officer, the defendant had made some statements to her about, you know, I've had some dreams and I don't know what they mean, and she testified to it. There's absolutely nothing, again, that defense counsel could have done because, one, it wasn't hearsay. The defendant made the statements. And, two, it had some sort of bearing on his consciousness of guilt, which under Arizona law, in cases like State v. Fillmore, would have been admissible. But even if you just say, all right, look, if he had objected timely, it would have been excluded. He basically, the defense counsel did a very good job of tearing apart Dyson on the stand. He got her to admit she didn't know about whom these dreams were concerning, particularly these victims. Basically, that he never admitted to what that particular event was. I mean, the cross-examination was a reasonable tactical decision. He could have objected, but had he done so, the jury might have thought, well, gosh, you know, this must be really important. But by decimating the witness on cross-examination, that was a sound tactical choice. With respect to the State's witnesses talking about other crimes, there was another boy named Jeremy. And basically what occurred was the State was asking questions of two of its victims. And they both inadvertently, or I should say the State did not intend to elicit this, they mentioned, I heard about this other boy named Jeremy, which could have referred to one of the three. There was a boy named Jeremy who was the victim in this case. But the case law is pretty clear that you don't need to object every single time something unexpected comes up. I cited a case called Files, P-H-Y-L-E-S, I think versus Lampley, an Eighth Circuit case, that says that when a defendant, when defense counsel hears a prosecution witness give an unexpected low blow, that sometimes actually objecting at that point could emphasize its importance and it's reasonable not to do so. But even if you want to say, well, maybe they should have done something about it, Arizona case law is pretty clear. What would have happened is the jury would have been, it would have been a mistrial. The court would have instructed the jury if the defense counsel wanted. And then there's a lot of cases in Arizona, State versus Jones, an Arizona Supreme Court case that was decided, oh gosh, I'd say about four or five years ago, State versus Stewart is cited there, and State versus Laird, L-A-I-R-D. They all basically say that, you know, that's not the type of thing that's going to reverse the case. But when you take a look at all the evidence in this case, it was overwhelming. You had the defendant admitting that he had actually asked the boys, will you suck me? I think we have the, we've read the briefs. We do know what the evidence from the State standpoint you're proffering. I'd like to ask the court if it has any questions for me. No. Apparently not. Thank you. Thank you very much, Governor. Stewart, we'll give you another minute to touch on anything that has been raised by the State. Yes. Mr. Stewart. Mr. Seneca. I'm sorry. Mr. Seneca, I've got this in my notes and I, look, I know who I'm talking to. I'm just not saying the right words. That's quite all right. It's Friday. I believe the State is wrong on many of the issues they argue. Because the Blackburger test, the court specifically stated in my quote, where one act violates more than one statute, the test, it clearly shows that the one act must violate both statutes. And the State has already admitted that it doesn't, although they argue that it's an attempt. And I also would submit that ARS 1335-54, Arizona revised statutes, clearly demonstrate that the Arizona legislature sees that the crime is a solicitation. And I also believe that the U.S. Supreme Court's decision in Montana v. Hall clearly demonstrates that had Hall been acquitted of the erroneous charge to begin with, then the Double Jeopardy Clause would have prevented him from being recharged again. And I believe the State is, again, wrong concerning this court's obligation to follow state law, because this court's only obligated to follow the Arizona Supreme Court's interpretation of the statute. And the Arizona Supreme Court is the one that made the decision in State v. YESA that says the solicitation is complete upon the request. And it clearly contradicts State v. Fristow, because they relied on State v. Johnson, which the Arizona Supreme Court interpreted in YESA. And I also believe that Ball v. United States does apply, because it says that a prosecutor cannot allege his own error when seeking to prosecute an individual. And as this court held in United States v. Blount, the prosecutor was given an option at the beginning to request a mistrial or a dismissal. But they chose to go on to the final verdict, which the judge granted acquittals in that. Okay. I think we have your argument on the cases. We'll take a look at those cases again, or for the first time, to the extent that they haven't already been cited. We appreciate your argument, and it was very well put together. The case that's been argued is submitted, and we'll render a decision as soon as we've reviewed the case. Okay. Thank you, Your Honor. Thank you. Thank counsel for arguing.
judges: Beezer, Fisher, England